IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| ALAN BEAMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 10-1019 |
|  | ) |  |
| JAMES SOUK, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### REPORT AND RECOMMENDATION[1]

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiff's Motion to Reconsider the Court's Ruling Dismissing Count I against Defendants Souk and Reynard Based on Intervening Seventh Circuit Precedent (d/e 74) (Motion). Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale De Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Plaintiff Alan Beaman fails to present any manifest errors or newly discovered evidence. This Court, therefore, recommends that the Motion should be denied.

---

[1] U.S. District Judge McDade referred the instant motion to the undersigned on November 13, 2012. The undersigned has drafted previous Reports and Recommendations in this case. See (d/es 35 and 65).

Beaman alleges that the defendants violated his rights in connection with the investigation of a murder that occurred in 1993, his subsequent arrest in 1994, and his prosecution and conviction for that crime in 1995. Complaint (d/e 1) (Complaint).  Defendants James Souk and Charles Reynard were the prosecutors of the case.  Beaman alleged in Count I of the Complaint that all of the Defendants, including Souk and Reynard, concealed exculpatory evidence during the investigation and prosecution of the case in violation of Beaman's right to due process established under Brady v. Maryland, 373 U.S. 83 (1963).  Complaint ¶¶ 59-64.

This Court dismissed the claims against Souk and Reynard in Count I because Souk and Reynard were entitled to qualified immunity during the investigative phase of the case and absolute prosecutorial immunity during the judicial phase of the case.  Opinion and Order entered March 3, 2011 (d/e 48) (Opinion and Order), at 15-20.  The Court explained that a Brady violation occurs "when the exculpatory evidence is suppressed in a manner that would prevent Plaintiff and his counsel from *timely access* such that they are unable to 'make use' of the evidence." Opinion and Order, at 19 (emphasis in the original).  The Court found that the exact point in time when disclosure must be made before trial is unclear;  thus, Souk and Reynard were entitled to qualified immunity for withholding the evidence from the defense prior to trial because it was unclear that such an action

violated Brady.  Id.  As prosecutors, Souk and Reynard were entitled to absolute immunity during the judicial phase of the case.  Id. at 15-18.

Beaman asks the Court to reconsider the dismissal of the claims against Souk and Reynard in Count I for their alleged actions during the investigative phase of the case in light of a new Seventh Circuit decision, Whitlock v. Brueggemann, 682 F.3d 567 (7th Cir. 2012).  The plaintiff in Whitlock alleged that the prosecutor wrongfully manufactured false evidence during the investigative phase of the case.  The Seventh Circuit held that a prosecutor was not entitled to qualified immunity based on those allegations because he allegedly fabricated evidence during the investigative phase before absolute immunity applied, and the fabrication was the proximate cause of the alleged injury at trial.  Id. at 580-83.

Beaman argues that "[t]he controlling law on which the Court's decision rested had been fundamentally altered by the Seventh Circuit's May 30, 2012, decision in Whitlock v. Brueggemann."  Motion, at 2 (citation omitted).  The Seventh Circuit had previously addressed the liability of the prosecutor for actions taken during the investigative phase in Buckley v. Fitzsimmons, 20 F.3d 789, 795 (7th Cir. 1994) (Buckley IV).  In Buckley IV, the plaintiff alleged that prosecutors coerced and paid witnesses to testify against him.  Buckley IV, 20 F.3d at 794.  The Seventh Circuit held that the prosecutor was entitled to qualified immunity for coercing and paying

witnesses because such acts during an investigation did not violate the plaintiff's rights during the investigative phase.  The Court stated that concealing payments to witnesses at trial would have violated the plaintiff's rights, but such acts "would in any event be comfortably within the scope of absolute prosecutorial immunity."  Id.

Beaman concedes that the Court properly found that Souk and Reynard were entitled to qualified immunity given the Buckley IV decision,

> *Buckley IV* was the controlling precedent in this Circuit when this Court decided Souk and Reynard's motion to dismiss.  And under this precedent, because Plaintiff's constitutional injury stemming from the prosecutor's concealment of evidence during the criminal investigation did not occur until trial, the prosecutor Defendants were entitled to qualified immunity.

Motion, at 3.  Beaman argues that the Court should reconsider its finding of qualified immunity in light of the change in the law in Whitlock.

Even if Whitlock changed that law, that change would not affect a finding of qualified immunity.[2]  Qualified immunity, "protects government

---

[2] The Court does not decide whether the Whitlock decision changed the law or applies to this case.  Qualified immunity turns on the clearly established law that existed at the time of the misconduct, not subsequent developments in the law.  See cases cited infra, at 5. The Court further notes that Whitlock may not apply.  Whitlock involved fabrication of false evidence.  The Seventh Circuit held that a prosecutor's fabrication of false evidence may be actionable because the tortious act of fabrication can be committed during the investigative phase before absolute immunity applies, and the fabrication can be the proximate cause of a constitutional injury at trial.  Whitlock, 682 F.3d at 582-83.  Beaman alleged that the Defendants withheld exculpatory evidence.  Due process requires the government to "'disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.'" Opinion and Order, at 11 (quoting United States v. Bagley, 473 U.S. 667, 675-76 (1985)).  Souk and Reynard arguably may not have withheld exculpatory evidence from the accused during the investigative phase because no one had yet been accused, and so, no one was yet

officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A defendant is entitled to qualified immunity unless (1) the alleged conduct violated the plaintiff's constitutional rights and (2) the constitutional violation was clearly established at the time of the defendant's alleged misconduct. Pearson, 555 U.S. at 232. The Defendants' alleged misconduct occurred from 1993 to 1995. Beaman concedes that Souk and Reynard were entitled to qualified immunity under the law that was clearly established in the 1994 Buckley IV decision. The claimed change in the law in 2012 in Whitlock is irrelevant. The clearly established law at the time of the alleged misconduct controls. Beaman presents no basis for reconsideration of the dismissal of the claims in Count I against Souk and Reynard based on qualified immunity.

    WHEREFORE this Court recommends that Plaintiff's Motion to Reconsider the Court's Ruling Dismissing Count I against Defendants Souk and Reynard Based on Intervening Seventh Circuit Precedent (d/e 74) be DENIED.

---

entitled to disclosure of exculpatory evidence. Thus, unlike Whitlock, they may not have committed a tortious act during the investigative phase of the case.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:    December 3, 2012

                                   *s/ Byron G. Cudmore*
                                    BYRON G. CUDMORE
                         UNITED STATES MAGISTRATE JUDGE